IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON BENJAMIN BRECKENRIDGE,

    Plaintiff,

  vs.                                Civil Action 2:07-CV-988
                                      Judge Holschuh
                                      Magistrate Judge King

ADRIAN TURNER, *et al.*,

    Defendants.

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

      Plaintiff, an inmate currently in the custody of the State of Ohio, brings this civil rights action under 42 U.S.C. §1983, complaining of events that are alleged to have occurred in 2006 while he was detained in the Franklin County Correctional Center I ["the jail"]. Specifically, plaintiff alleges that, at 11:30 a.m. on May 31, 2006, he was attacked, without provocation, by a fellow inmate who bit off plaintiff's ear lobe. Plaintiff further alleges that he was taken by jail employees to the medical ward from which he was transferred to Grant Medical Center at "approximately 12:30 p.m." Hospital officials advised plaintiff that the earlobe, which had been retrieved by deputies and cleaned by the attending jail nurse, could not be reattached. The complaint seeks monetary damages for an alleged denial of prompt medical care.

      Plaintiff has filed a motion to amend the complaint to assert, in addition, claims of denial of access to legal materials, Doc. No. 28. Because, for the reasons stated *infra*, the Court concludes that plaintiff's proposed amendment would be futile, plaintiff's motion for leave to amend the complaint, Doc. No. 28, is **DENIED**. *See Foman v. Davis,* 371 U.S. 178, 182 (1962)(in considering a request for leave to

amend a complaint, a court may consider such factors as, *inter alia*, futility of the amendment.)

Defendants have moved for summary judgment, under F.R. Civ. P. 56, alleging that the action must be dismissed for failure to exhaust available administrative remedies prior to filing the complaint. The Prison Litigation Reform Act of 1996 ["PLRA"] requires a prisoner to exhaust administrative remedies available to the prisoner prior to filing an action in a federal court. 42 U.S.C. §1997e(a) (2004). The PLRA states in pertinent part as follows:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* The plaintiff-prisoner bears the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002). Although exhaustion is not a jurisdictional predicate, it is nevertheless mandatory, *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would appear to the inmate to be "futile." *Hartsfield v. Vidor,* 199 F.3d 305, 308-10 (6th Cir. 1999).

Plaintiff argues that the exhaustion requirement of the PLRA is unconstitutional. However, the United States Supreme Court has upheld the exhaustion requirement of the PLRA on more than one occasion. *See, e.g., Jones v. Bock,* 549 U.S. 199 (2007); *Woodford v. Ngo,* 548 U.S. 81 (2006); *Porter v. Nussle,* 534 U.S. 516 (2002).

Attached to defendants' motion for summary judgment is the affidavit of the jail's administrator, Chief Deputy Mark J. Barrett. Exhibit A, attached to *Motion for Summary Judgment*, Doc. No. 33 ["*Barrett*

*Affidavit*"].[1]  Attached to the *Barrett Affidavit* are documents generated and maintained in the ordinary course of jail operations. *Id.,* ¶2. According to the affiant, every inmate at the jail is provided a copy of the inmate handbook which outlines the grievance procedure at the jail. *Id.,* ¶13.  A grievance process is initiated by the inmate's submission of a "call card" outlining the inmate's concerns. *Id.*, ¶6.  Call cards are provided to inmates upon request. *Id.*  There is no record of plaintiff ever having filed a call card, either to initiate a grievance or to appeal any determination of a grievance. *Id.,* ¶14.

The response to the motion for summary judgment, Doc. No. 38, was signed, not by the plaintiff, but by another individual who does not appear to be a licensed attorney.  Moreover, the response nowhere denies that plaintiff was provided a copy of the inmate handbook that sets out the inmate grievance procedure available at the jail, nor does plaintiff present evidence that he ever even attempted to initiate or pursue a grievance in connection with any of the claims sought to be asserted by him in this action.  Attached to the response to the motion for summary judgment is an affidavit of an individual, otherwise unrelated to this action, who asserts that he was detained in the jail in 2005. *Affidavit of Pearly Wilson,* attached to *Reply to Motion for Summary Judgment,* Doc. No. 38.  This affiant avers that his numerous call cards requesting legal materials did not result in production of the requested materials. *Id.,* ¶2.  The affidavit goes on to complain of conditions at the jail.

The response to the motion for summary judgment, even if it were considered by the Court, is wholly insufficient to raise a genuine issue of material fact. *See* F.R. Civ. P. 56(c) ("The judgment sought

---

[1] *Barrett Affidavit* is made upon personal knowledge and is appropriate for consideration in connection with the motion for summary judgment.

should be rendered if the [record] shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.")  The response is not signed by the *pro se* plaintiff; moreover, plaintiff nowhere alleges that he attempted to utilize the grievance procedure available to him at the jail.  Accordingly, plaintiff has failed to exhaust his claims as required by the PLRA.

*Plaintiff's Motion for Leave to Amend the Complaint*, Doc. No. 28, is **DENIED.**

It is **RECOMMENDED** that *Defendants' Motion for Summary Judgment*, Doc. No. 33, be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

<u>August 6, 2008</u>                             <u>s/Norah McCann King</u>
                                      Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge

5